**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ALFONSO HERDOCIA,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    CIV-07-953-R |
| | ) |
| **BRUCE HOWARD, Warden,** | ) |
| | ) |
|     **Respondent.** | ) |

**O R D E R**

Before the Court are the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell [Doc. No. 15] entered October 22, 2007 and Petitioner's Objection to the Supplemental Report and Recommendation [Doc. No. 16] filed November 8, 2007.

The Magistrate Judge found that the 28 U.S.C. § 2254 petition for a writ of habeas corpus was time-barred by operation of 28 U.S.C. § 2244(d)(1) and that Petitioner had not demonstrated any circumstances warranting equitable tolling of the one-year limitations period.

Petitioner in his "Traverse and Response to Supplemental Report and Recommendation," which the Court treats as an Objection, argues that the Magistrate Judge should have held that the statute of limitations did not begin until ninety (90) days after Petitioner entered a plea and was sentenced (or after the ten days Petitioner had in which to

withdraw his plea), citing Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001), and that his petition was, therefore, timely.  Alternatively, Petitioner states that he seeks equitable tolling pursuant to McCleskey v. Zant, 499 U.S. 467 (1991) based on assertedly blatant unconstitutional actions by the State in his case that are "on point with others deemed unconstitutional."  Doc. No. 16 at p. 3.

In Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001), the petitioner had appealed his conviction to the state court of last resort.  *See* 237 F.3d at 1270 & 1271.  Thus, the petitioner had ninety (90) days following affirmance of his conviction by the Oklahoma Court of Criminal Appeals in which to seek direct review by filing a petition for a writ of certiorari in the United States Supreme Court.  Hence, the Tenth Circuit held that Mr. Locke's judgment of conviction did not become final until the expiration of the ninety-day period for seeking certiorari review.  In Petitioner's case, however, Petitioner was convicted and sentenced on a plea of nolo contendere.  Unless Petitioner withdrew his plea, which he did not, there was nothing to appeal to the highest state court or by certiorari to the United States Supreme Court and Petitioner had no right to appeal or seek certiorari review.  Hence, Petitioner's judgment of conviction became final upon the expiration of the ten-day period following his conviction and sentence in which he could have moved to withdraw his plea.

The Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate any circumstances that would warrant equitable tolling of the statute of limitations in this case.

In accordance with the foregoing, the Supplemental Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 herein is DISMISSED as time-barred.

**IT IS SO ORDERED this 13th day of November, 2007.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE